MASONIC GRAND CHAPTER, ORDER OF THE EASTERN STAR FOR STATE OF TEXAS, v. PERDUE et al.

No. 2002.

Court of Civil Appeals of Texas. Waco.

Oct. 6, 1938.

Rehearing Denied Oct. 27, 1938.

Currie McCutcheon and Bruce Graham, both of Dallas, for plaintiff in error.

W. J. Durham, of Sherman, for defendants in error.

ALEXANDER, Justice.

This suit was brought by Mrs. A. J. Perdue and others against Masonic Grand Chapter, Order of the Eastern Star, a corporation, to recover certain relief benefits alleged to be due them as beneficiaries upon the death of Carrie E. Evans, who was alleged to have been a member of the order at the time of her death. The defendant, among other things, alleged that the said Carrie E. Evans had been suspended for the non-payment of dues and was not in good standing at the time of her death, and, as a consequence, her beneficiaries were not entitled to receive the benefits provided for in the constitution. At the conclusion of the evidence the trial court instructed a verdict in favor of the plaintiffs for the benefits in question amounting to $364.16, together with $100 attorney's fees and costs. The defendant appealed.

■ The contract between the member and the order was evidenced solely by the constitution and by-laws of the association. According to the by-laws the relief fund in question was administered wholly by the Grand Lodge. In order for a member or beneficiary to be entitled to participate in relief benefits the member was required to pay an annual assessment in the total sum of $7.80. The local chapters were required to collect from the members and to remit to the Grand Lodge one-half of this amount on or before September 15th and the other one-half on or before May 15th. Any member failing to pay relief assessments was automatically suspended and could return only as a reinstated member. No delinquent member was entitled to relief benefits. The deceased member paid to the secretary of the local chapter only $1.90 on her relief assessment prior to September 15, 1934 and the records show that on that date she was suspended by the local lodge. She was reported to the Grand Lodge as delinquent in her relief dues. Thereafter, in December 1934, she paid to the secretary of the local chapter $2 and on March 12, 1935, $3.90. The records indicate that the secretary of the local chapter never remitted any of these sums to the Grand Lodge, and there is no other evidence to indicate that she was ever reinstated. There is affirmative evidence that she was not reinstated. She died March 30, 1935. Under these circumstances, we think the trial court was in error in assuming that the deceased was in good standing and entitled to the relief benefits.

■ The appellee asserts that even though the deceased became suspended for failure to make timely payment of her assessments, the fact that the secretary of the local chapter received the balance of the dues after the due date thereof and retained them in her possession, estopped the Grand Lodge from denying that deceased had been reinstated and was in good standing at the time of her death. There is no evidence that the local secretary had any authority other than to receive dues on or prior to their due date and to remit same to the Grand Lodge, and there is no evidence that the Grand Lodge had any knowledge of the collection and retention of these dues by said local secretary. Neither does it appear that the deceased paid the past due assessments under the belief that she was to be immediately reinstated. These circumstances therefore at best raise a mere question of fact for the jury on the issue of estoppel. 6 Tex.Jur. 485; Bennett v. Sovereign Camp, W. O. W., Tex. Civ.App., 168 S.W. 1023; United Moderns v. Pike, Tex.Civ.App., 76 S.W. 774.

The judgment of the trial court is reversed and the cause is remanded for a new trial.